UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIN TANASACHE,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-00797-FLA (ACCV)<br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 33]** |

Pursuant to 28 U.S.C. § 636, the court has reviewed and considered Petitioner Florin Tanasache's ("Petitioner," A# 209-179-379) Petition for Writ of Habeas Corpus ("Petition," Dkt. 1), the First Amended Petition ("FAP," Dkt. 21),[1] Respondents' Responses to the Petition and FAP (Dkts. 12, 23), the Report and Recommendation of the United States Magistrate Judge ("Report," Dkt. 33), Petitioner's Objections to the Report ("Objections," Dkt. 35), and all relevant portions

[1] Petitioner requests the court refer to him by his initials rather than his full name in any order addressing the FAP. Petitioner, however, filed the Petition and FAP under his full name and has not requested the court update the case name and docket to replace his name with initials. Accordingly, the court finds use of Petitioner's initials in this Order would not provide any meaningful benefit here and denies the request.

of the docket. Respondents did not file objections to the Report.

Petitioner contends the Magistrate Judge did not apply the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), factors properly, erred in finding and recommending prudential exhaustion of administrative remedies should be required prior to judicial review, and erred by finding Respondents did not forfeit or waive challenges to certain claims and arguments raised by Petitioner. Dkt. 35 at 3–11.

Having reviewed and considered de novo the portions of the Report to which Petitioner objects, the court finds the Magistrate Judge considered and addressed all issues properly. First, the court agrees with and adopts the Magistrate Judge's findings and recommendations regarding the *Mathews* factors. Dkt. 33 at 6–8.[2] As stated in the Report, unlike many of the authorities on which Petitioner relies, Petitioner was never released into the United States from immigration custody and received an individualized bond determination from an Immigration Judge prior to the filing of the initial Petition. Dkt. 33 at 8.[3] "Ordering his release now would not restore a status quo in which no neutral decisionmaker had evaluated his custody; it would set aside the determination of the one who did." *Id.* The court further agrees that requiring prudential exhaustion of administrative remedies prior to judicial review

---

[2] Petitioner argues the Magistrate Judge erred by assuming he had a liberty interest rather than deciding the question in his favor. Petitioner does not cite any binding legal authority to establish a court must decide all issues definitively and may not assume certain factors favor a party when deciding the ultimate issue against that party. Petitioner, similarly, does not present any argument as to how he was prejudiced by the Magistrate Judge's assumption that he had a protected liberty interest. This court agrees with, affirms, and adopts the Magistrate Judge's approach on this issue.

[3] In *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026), the Ninth Circuit held that unadmitted aliens who are detained while present in the interior of the country are entitled to an individualized bond hearing under 8 U.S.C. § 1226. Petitioner did not identify, and the court is not aware of, any binding legal authority that requires an unadmitted alien in Petitioner's position to be provided with pre-deprivation notice and a hearing prior to being detained.

is appropriate for the reasons stated in the Report. *Id.* at 9–11.

Finally, the court rejects Petitioner's contention that the Magistrate Judge interpreted or extended the parties' arguments improperly and clearly erred by not finding Petitioner is entitled to habeas relief due to Respondents' forfeiture or waiver. *See* Dkt. 35 at 14–17. It has long been established that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner bears the burden to establish "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a), (c)(3); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. Oct. 1, 2025) (cleaned up). The Magistrate Judge correctly found Petitioner has not met his burden here.

Accordingly, the court CONCURS with, ACCEPTS, and ADOPTS the findings and recommendation of the Magistrate Judge, OVERRULES Petitioner's Objections thereto, and ORDERS as follows:

(1) Petitioner Florin Tanasache's (A# 209-179-379) First Amended Petition (Dkt. 21) and request for habeas relief are DENIED without prejudice.

(2) All pending Motions and Requests (Dkts. 7, 9, 11) are DENIED as moot.

IT IS SO ORDERED.

Dated: November 16, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge